**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Christopher E. Torkelson, Esq., Attorney ID #022961996
Karlee M. Martin, Esq., Attorney ID #240742018
*Physical Address:* 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
*Mailing Address:* P.O. Box 5404, Princeton, NJ 08543
Telephone:(609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiff, Jonathan Colon*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN COLON | Civil Action No.: 1:22-cv-02427-NLH-AMD |
| Plaintiff, | |
| v. | **DOCUMENT ELECTRONICALLY FILED** |
| WARDEN EUGENE J. CALDWELL II, individually and in his official capacity, WARDEN RICHARD T. SMITH, individually and in his official capacity, ASSISTANT WARDEN CHARLES WARREN, individually and in his official capacity, KRISTINA SMITH, individually and in her official capacity, CFG HEALTH SYSTEMS, LLC, and CUMBERLAND COUNTY, NEW JERSEY, | **AMENDED COMPLAINT** |
| Defendants. | |

Plaintiff, Jonathan Colon, by way of Amended Complaint against the defendants, Warden Eugene J. Caldwell II, (Former) Warden Richard T. Smith,

1

(Former) Assistant Warden Charles Warren, and (Former) Medical Director Kristina Smith, in their individual and official capacities, CFG Health Systems, LLC, and Cumberland County, New Jersey, hereby states:

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the State of New Jersey.

## PARTIES

3. Plaintiff Jonathan Colon was a detainee at the Cumberland County (New Jersey) Jail, in Bridgeton, New Jersey, (the "Jail" or the "CCDC") from on or about June 10, 2019, to on or about June 28, 2022, and then from on or about May 31, 2023, to on or about June 8, 2023.

4. Defendant Warden Eugene J. Caldwell II is the Warden at the Jail who, acting under color of State law, was responsible for the creation, adoption, implementation, and/or enforcement of policies to address and protect the health, safety and welfare of detainees at the Jail during the COVID-19 pandemic, specifically including the time period that Plaintiff was a detainee at the Jail.

5. Defendant Richard T. Smith was the Warden at the Jail who, acting under color of State law, was responsible for the creation, adoption, implementation, and/or enforcement of policies to address and protect the health, safety and welfare

of detainees at the Jail during the COVID-19 pandemic, specifically including the time period that Plaintiff was a detainee at the Jail.

6. Defendant Charles Warden was the Assistant Warden, and subsequently the Acting Warden following the resignation of Defendant Richard Smith, at the Jail who, acting under color of State law, was responsible for the creation, adoption, implementation, and/or enforcement of policies to address and protect the health, safety and welfare of detainees at the Jail during the COVID-19 pandemic, specifically including the time period that Plaintiff was a detainee at the Jail.

7. Defendant Kristina Smith was the Medical Director at the Jail who, acting under color of State law, was responsible for the creation, adoption, implementation, and/or enforcement of policies to address and protect the health, safety and welfare of, and to provide for the proper medical treatment of, detainees at the Jail during the COVID-19 pandemic, specifically including the time period that Plaintiff was a detainee at the Jail.

8. Defendant CFG Health Systems, LLC is the private company that has contracted to provide the inmates, including Plaintiff, in the Cumberland County Jail with medical services. As such, upon information and belief, CFG Health Systems, LLC is responsible for providing adequate medical services to Cumberland County Jail inmates, including Plaintiff.

9. Cumberland County, New Jersey, through the Cumberland County Department of Corrections, employs or employed all of the individually named defendants, and has final policymaking authority with regard to establishing formal policies and programs governing not only the conduct of Wardens and other personnel at the Jail, but also governing the health, safety and welfare of inmates and detainees at the Jail during the COVID-19 pandemic.

## FACTUAL BACKGROUND

10. At all relevant times during my detainment at the Jail, Defendants consistently and continuously disregarded the eminent presence and danger due to the COVID-19 pandemic. Defendants continuously ignored and disregarded all warnings and medical guidance concerning social distancing, wearing of masks, proper sanitation, and other reasonable and necessary protective measures to limit the transmission of COVID-19, and to treat COVID-19 infections.

11. The individual Defendants are and/or were responsible for and delegated the administration of the Jail in a manner that continuously violated my right as a detainee.

12. The Defendants, with deliberate indifference, denied me proper sanitizer, soap, hygiene materials, and protective masks. Social distancing amongst inmates and Officers was also not enforced.

13. On or about May 22, 2021, while I was detained in C-Pod at the Jail, I was advised that a Cumberland County Correctional Officer (Officer Hiles) tested positive for COVID-19.

14. The Defendants, with deliberate indifference, failed and refused to test inmates that had contact with Officer Hiles for the COVID-19 virus to ensure the containment of spreading this deadly virus, which would have safeguarded my health, safety and welfare.

15. As a result, myself, along with many other inmates throughout the Jail, were never tested for COVID-19 or quarantined despite having direct contact with Officer Hiles.

16. Shortly thereafter, I contracted COVID-19, which caused me to suffer shortness of breath, back pain, headache, chills, weakness, loss of taste, loss of smell, and fatigue, among other symptoms.

17. Due to policy(ies) originally implemented by Warden Richard T. Smith, and then by Warden Charles Warren, and then by Warden Eugene J. Caldwell II, I was placed in B-Pod for a 14-day quarantine because of COVID-19.

18. During quarantine, I was denied proper sanitizer, in which to clean my hands as well as my cell. I was also denied proper bedding, clothing, washing material, towels, and sheets. I was required to wear the same clothing for the duration of the 14-day quarantine. I was forced to go without proper hygiene.

19. Upon being released from quarantine, I was moved by the administration to C-Pod. The Defendants, with deliberate indifference, failed and refused to provide inmates and Officers with protective masks and/or enforce the wearing of masks to prevent the spread of COVID-19, and failed and refused to enforce social distancing amongst the inmates and Officers.

20. I was subsequently transferred to E-Dorm, where, I contracted COVID-19 again, as a result of direct contact with infected Officers and/or inmates.

21. The Defendants, with deliberate indifference, failed and refused to test me for COVID-19 despite me having numerous flu-like symptoms and COVID-19 symptoms, including but not limited to shortness of breath, back pain, headache, chills, weakness, loss of taste, loss of smell, and fatigue.

22. Similarly, despite my COVID-19 symptoms, the Defendants, with deliberate indifference, failed and refused to quarantine me from other inmates and Officers.

23. The Defendants' COVID-19 policy(ies) and quarantine policy(ies) proved to be ineffective at preventing the spread of COVID-19.

24. Treatment during the pandemic, during my personal and multiple rounds of illness with COVID-19, and during quarantine was so miserable and deplorable that I became depressed to the point that I had to be seen for anxiety and depression.

25. Defendants consistently and with deliberate indifference disregarded the imminent danger due to the COVID-19 pandemic. Defendants continuously ignored all warnings and guidance concerning social distancing, wearing of masks, as well as the neglect when it came to proper sanitation of cells.

26. At all relevant times during my detainment at the Jail, Defendants were in charge of the administration and policies that continuously violated my rights as a detainee by failing to adequately address the transmission and treatment of COVID-19 infections among the Jail population., and by failing to assist with the everyday duties as required of each of them during the COVID-19 pandemic.

27. The complete lack of personal protective equipment, sanitation products, and social distancing, among other reasonable and necessary measures, instilled in me a sense of anxiety that I could not protect or prevent myself from contracting COVID-19. Because of this pervasive anxiety, caused by the lack of reasonable and necessary preventative measures, I was seen at the infirmary for my anxiety and depression.

28. During my quarantine after testing positive for COVID-19, I was denied medical treatment and medication. I was also denied testing and medical treatment for my subsequent COVID-19 symptoms.

29. My symptoms included shortness of breath, back pain, headache, chills, weakness, loss of taste, loss of smell and fatigue.

30. I used to be very active, and I worked out a lot. I liked to run, play basketball, and was in very good physical shape for my age. Since I contracted COVID-19, twice, I cannot do the majority of those things without experiencing severe side effects, specifically difficulty breathing, chest pain, and numbness in my hands.

31. The long-lasting mental and physical side effects of contracting COVID-19, twice, have taken a continuous toll on me, and the medical consequences of my COVID-19 infection have severely and permanently detrimentally impacted my physical and mental health.

## COUNT I

*(Deliberate Indifference to Medical Need – Individual Defendants)*

32. Defendants Eugene J. Caldwell II, Charles Warren, Richard T. Smith, and Kristina Smith, collectively and individually acting under color of law, failed to establish a COVID-19 Policy during this deadly pandemic and as a result created cruel and unsanitary conditions in various ways that put Plaintiff's life and health at risk in violation of Plaintiff's established constitutional rights.

33. CFG Health Systems, LLC failed at providing adequate medical services to Cumberland County Jail inmates, including Plaintiff.

34. At all relevant times, Defendants were aware that COVID-19 posed an inherent risk to all inmates and detainees at the Jail, including those such as Plaintiff.

35. Defendants' deliberate indifference to the health, safety, and physical well-being of Plaintiff and others similarly situated directly and proximately caused Plaintiff to contract COVID-19 during his period of detainment, putting Plaintiff at severe risk of perceptible, severe harm requiring medical treatment and causing Plaintiff unnecessary and wanton infliction of pain, suffering, anguish and handicap.

36. Defendants were aware of the risks of failing to implement reasonable and necessary protective measures for detainees and inmates, and Defendants deliberately and recklessly ignored the obvious and known risks by failing to provide personal protective equipment, sanitation products, and/or other preventative measures.

37. Defendants refused to provide necessary medical treatment and prevention measures recommended by federal governmental agencies such as the CDC based on non-medical, but rather administrative and/or financial, reasons.

38. In light of the obvious and known risks of contracting COVID-19, as well the long-lasting physical symptoms and complications that have been linked to the virus, including the residual health problems afflicting Plaintiff following his infection with COVID-19, the actions of Defendants can only be described as deliberate indifference to Plaintiff's clearly established constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff, Jonathan Colon, hereby demands judgment against Defendants, including an award of compensatory damages, punitive damages, cost of the suit, and such other and further relief as the Court may deem appropriate.

## COUNT II

### *(Failure to Provide Adequate and Necessary Medical Treatment – Individual Defendants)*

39. Plaintiff repeats and reiterates each allegation of the preceding count as if each were set forth at length herein.

40. Despite repeated requests by Plaintiff to institute protective measures, Defendants refused to do so. Moreover, Defendants failed to adequately provide for testing or monitoring that would properly contain the spread of the COVID-19 virus at and within the Jail.

41. Defendants deliberately failed to provide medical treatment and medical attention to Plaintiff after he contracted COVID-19.

42. Plaintiff has experienced long-lasting side effects due to his contraction of COVID-19, all of which are the direct and proximate result of Defendants' refusal to provide adequate preventative measures, and to provide adequate medical treatment.

**WHEREFORE**, Plaintiff, Jonathan Colon, hereby demands judgment against Defendants, including an award of compensatory damages, punitive damages, cost of the suit, and such other and further relief as the Court may deem appropriate.

## COUNT III

### *(42 U.S.C. § 1983 - Monell liability)*

43. Plaintiff repeats and reiterates each allegation of the preceding count as if each were set forth at length herein.

44. Defendant, Cumberland County, New Jersey ("the County"), through the Cumberland County Department of Corrections ("CCDC"), employs or employed all of the individually-named Defendants identified in Counts I and II.

45. The County had final policymaking authority with regard to establishing policies and procedures governing the conduct of the County employees performing correctional functions on behalf of the County.

46. The County established and/or approved of the CCDC's policies and procedures governing the conduct of employees performing correctional functions. This includes the policy, or lack thereof, regarding the health and safety of inmates and detainees during the COVID-19 pandemic.

47. The policies and procedures established and/or approved of by the County constituted the County's official policy, and was the moving force that proximately caused Plaintiff's injuries and the deprivation of his constitutional rights.

48. The County had knowledge of the CCDC's unconstitutional patterns and practices, and knowledge that the same gave rise to a risk of violations of Plaintiff's constitutional rights.

49. There are numerous cases like this one that have been filed in this District regarding the County's unlawful patterns and practices.

50. As early as March 2020, during Plaintiff's detainment at the Jail, the risks of COVID-19 were well-known and obvious, and the virus was demonstrably contagious. It was well-known that COVID-19 spread easily and rapidly among large populations in confined areas, such as in a jail.

51. The County made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the CCDC's unconstitutional policies and practices, and was deliberately indifferent to and/or tacitly authorized the same.

52. On or prior to May 2021, and for a period of time thereafter, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that failed to provide for the health, safety and welfare of detainees, inmates, and the like, during confinement, including but not limited to, reasonable and necessary measures such as the lack of personal protective equipment, sanitation measures, and social distancing.

53. On or prior to May 2021, and for a period of time thereafter, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that condoned and/or required Wardens and other employees (such as and including the Jail's Medical Director), and CFG Health Systems, LLC to turn a blind eye to and to not intervene with, the lack of precautionary measures in CCDC.

54. On or prior to May 2021, and for a period of time thereafter, the County, with deliberate indifference to the rights of detainees, inmates, and the like, tolerated, permitted, failed to correct, promoted and/or ratified a number of customs, patterns or practices that not only failed to address, but in fact exacerbated, the spread of COVID-19 at the Jail.

55. This participation by the County caused the individually-named Wardens, Medical Director and CFG Health Systems, LLC to act with reckless disregard of and deliberate indifference to the health, safety, and well-being of the detainees, inmates, and the like, including Plaintiff.

56. The unconstitutional policies, practices, and customs described herein were a proximate cause of Plaintiff's infection with COVID-19 and his resulting injuries.

**WHEREFORE,** plaintiff, Jonathan Colon, hereby demands judgment against defendant Cumberland County, New Jersey, including an award of compensatory

damages, costs of the suit, and such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by a jury.

## CERTIFICATION OF OTHER ACTIONS

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy is not currently the subject of any other action pending in any court, or of any pending arbitration of administrative proceeding, other than a class action seeking injunctive relief, bearing the caption Brown, et al. v. Warren, et al., Civil Action No.: 1:20-cv-7907-NLH-KMW.

## DESIGNATION OF TRIAL COUNSEL

Christopher E. Torkelson is hereby designated as trial counsel.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
*Attorneys for Plaintiff, Jonathan Colon*

By: */s/ Christopher E. Torkelson*
Christopher E. Torkelson (ID#022961996)
Karlee M. Martin (ID#240742018)
ctorkelson@eckertseamans.com
kmartin@eckertseamans.com
*Physical Address:* 2000 Lenox Drive
Suite 203, Lawrenceville, NJ 08648
*Mailing Address:* P.O. Box 5404
Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956

Dated: July 31, 2023