**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JONATHAN COLON,

               Plaintiff,

      v.

WARDEN EUGENE J. CALDWELL II,
et al.,

              Defendants.

---

Civ. No. 1:22-cv-02427-NLH-AMD

**OPINION**

**APPEARANCES:**

CHRISTOPHER EUGENE TORKELSON
KARLEE M. MARTIN
ECKERT SEAMANS CHERIN & MELLOTT LLC
2000 LENOX DRIVE, SUITE 203
LAWRENCEVILLE, NJ 08648

    *Counsel for Plaintiff*

JAMES R. BIRCHMEIER
BIRCHMEIER & POWELL LLC
1891 STATE HIGHWAY 50, PO BOX 582
TUCKAHOE, NJ 08250-0582

    *Counsel for Cumberland County D.O.C.; Warden Eugene J.*
    *Caldwell II; Warden Richard T. Smith; and Cumberland*
    *County, New Jersey*

STEPHEN D. HOLTZMAN
JEFFREY S. MCCLAIN
HOLTZMAN & MCCLAIN, PC
524 MAPLE AVENUE, SUITE 200
LINWOOD, NJ 08221

    *Counsel for CFG Health Systems, LLC and Kristina Smith*

**HILLMAN**, District Judge

Before the Court is Kristina Smith's Motion to Dismiss or, in the alternative, for summary judgment. (ECF 29)  For the reasons expressed below, the Motion to Dismiss will be denied and the alternative relief of summary judgment denied without prejudice.

I.   **BACKGROUND**

Plaintiff, Jonathan Colon ("Plaintiff"), was detained in the Cumberland County Jail (the "Jail") from June 10, 2019 through June 28, 2022 and again from May 31, 2023 to June 8, 2023.  (ECF 15 at ¶ 3).  His time detained in the Jail coincided with the height of the COVID-19 pandemic.

While held in the Jail, on and around May 22, 2021 Plaintiff was housed in C-Pod, where Corrections Officer Hiles had been working.  (Id. at ¶ 13).  On May 22, Officer Hiles tested positive for COVID-19.  (Id.).  Shortly after this date, Plaintiff first contracted COVID-19.  (Id. at ¶ 16).  He was then quarantined for fourteen days.  (Id. at ¶ 17).  Following his release from quarantine, he contracted COVID-19 a second time.  (Id. at ¶ 20).  Plaintiff has experienced both physical and mental health issues related to his COVID-19 infections as well as from the conditions within the Jail during this time. (Id. at ¶¶ 22, 24).

2

On April 27, 2022, Plaintiff filed a *pro se* Complaint, asserting constitutional violations arising from the conditions within the Jail.  (ECF 1).  Plaintiff's initial Complaint named as defendants Cumberland County D.O.C., C.F.G. Medical Solutions, and Acting Warden Eugene Caldwell.  (Id. at 1)

On January 4, 2023, Plaintiff was appointed counsel and ordered to file an Amended Complaint.  (ECF 3).  Counsel filed an Amended Complaint on July 31, 2023.  (ECF 15).  The Amended Complaint corrected the name of defendant C.F.G. Medical Solutions to CFG Health Systems, and added additional defendants including Kristina Smith ("Smith" or "Defendant").  (Id. at ¶¶ 4-9).

On September 13, 2023, Smith filed a Motion to Dismiss. (ECF 29).  Plaintiff filed a response on October 23, 2023.  (ECF 36).  Defendant did not file a reply.

## II.  <u>LEGAL STANDARD</u>

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).  A pleading is sufficient if it contains "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first alteration added) (second alteration in original) (citation omitted).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted). A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and

4

matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

"A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

With regard to a motion to dismiss based on a statute of limitations defense, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002).

## III. **DISCUSION**

### A. **Subject Matter Jurisdiction**

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

### B. **Statute of Limitations**

The length of the statute of limitations for actions brought under Section 1983 "is that which the State provides for personal-injury torts."  Wallace v. Kato, 549 U.S. 384, 387 (2007).  The Third Circuit has held that "New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to a civil rights claim under § 1983."  Montgomery v. De

5

Simone, 159 F.3d 120, 126 n. 4 (3d Cir. 1998) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989)). While the applicable statute of limitations is determined by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original).  "[T]he standard rule [is] that the limitations period commences when the plaintiff has 'a complete and present cause of action.'"  Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (quoting Rawlings v. Ray, 312 U.S. 96, 98 (1941)).

In determining whether an action should be dismissed for non-compliance with a statute of limitations, the Third Circuit has cautioned that "[if] the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002) (quotation omitted).

Defendant asserts that the claims in the Amended Complaint against Smith violate that statute of limitations.  (ECF 29-6 at 5-6).  Specifically, Defendant states that "Plaintiff has violated the applicable two-year statute of limitations with respect to Kristina Smith, who was not named as a defendant until July 31, 2023 related to COVID-19 illness in or about May 2021."  (Id. at 6).

Plaintiff responds that the claims against Smith are timely.  First, he alleges that his claims accrued the second time he contacted COVID-19 within the Jail, rather than the first, putting the accrual date "after July 31, 2021" rather than in May 2021.  (ECF 36 at 13-14).  In addition, he alleges that his claims are timely against Smith pursuant to the doctrines of relation back, equitable tolling, the discovery rule, and substantial compliance.  (Id. at 13).

### A. Accrual Date

As noted above, granting a motion to dismiss based on the statute of limitations is only appropriate where the bar is apparent on the face of the pleading.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).  Here, it is not clear on the face of the pleading that Plaintiff's claims against Smith are barred, as Plaintiff's Complaint includes allegations that may fall within the applicable two-year limitations period.  (ECF 15 at ¶¶ 13-22).  While Defendant characterizes the accrual date of Plaintiff's claims as two years from that date he first contracted COVID-19 within the Jail in May 2021, Plaintiff avers that it actually accrued the second time he contracted COVID-19.  Plaintiff advises that he is not certain of the date he contracted COVID-19 the second time, but based on the timeline

he recollects it was after July 31, 2021.[1]  (ECF 36 at 14).  He asserts that discovery, specifically related to his medical records, will elucidate this timeline.

While Plaintiff's allegations in the Complaint and explanation in his Response do not definitively demonstrate that his allegations are within the statute of limitations, Plaintiff has pointed to allegations that are sufficient to demonstrate that a statute of limitations bar is not clearly applicable on the face of the Complaint.  As such, Defendant Smith's Motion to Dismiss based on the statute of limitations will be denied.

Although this conclusion resolves the present motion before this Court, the Court will consider whether any of the proposed doctrines more definitively refute the statute of limitations assertion so as to eliminate that need to address this question again at a later date, and as such will proceed to discuss the relation-back doctrine.

### B. Relation-Back Doctrine

"Relation-back is a way of justifying the belated addition of a new claim or a new party."  Ortiz ex rel. City of Camden, No. 11-2300, 2013 WL 1811895, at * 3 (D.N.J. Apr. 29, 2013) (quoting Greczyn v. Colgate-Palmolive, 869 A.2d 866, 874

---

[1] Defendant did not file a reply, and as such did not respond to Plaintiff's timeline nor to Plaintiff's argument that the accrual date is based on the second COVID-19 infection.

(N.J.2005)).  Rule 15(c) provides that an amendment to a
pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable
> statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense
> that arose out of the conduct, transaction,
> or occurrence set out — or attempted to be
> set out — in the original pleading; or
>
> (C) the amendment changes the party or the
> naming of the party against whom a claim is
> asserted, if Rule 15(c)(1)(B) is satisfied
> and if, within the period provided by Rule
> 4(m) for serving the summons and complaint,
> the party to be brought in by amendment:
>
> (i) received such notice of the action that
> it will not be prejudiced in defending on
> the merits; and
>
> (ii) knew or should have known that the
> action would have been brought against it,
> but for a mistake concerning the proper
> party's identity.

Fed. R. Civ. P. 15(c)(1).

In deciding whether the amendment in this case relates back
to the date of an original pleading, the Court first considers
whether New Jersey law — which is the law that provides the
applicable statute of limitations as discussed above — would
allow relation back.  Fed. R. Civ. P. 15(c)(1)(A).  The New
Jersey Court Rules contain a general relation back rule, which
provides that "[a]n amendment changing the party against whom a
claim is asserted relates back if" the claim asserted in the
amended complaint arose out of the conduct set forth in the

original pleading, and if within the statute of limitations
period the new party "(1) has received such notice of the
institution of the action that the party will not be prejudiced
in maintaining a defense on the merits, and (2) knew or should
have known that, but for a mistake concerning the identity of
the proper party, the action would have been brought against the
party to be brought in by amendment."  N.J. Ct. R. 4:9-3.  "The
requirements of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii) are
almost identical to the requirements of New Jersey's general
relation back rule, although under the federal rule Defendants
must have had notice within the time for serving the summons and
complaint rather than within the statute of limitations period."
Dean v. Deptford Twp., No. 13-5197, 2015 WL 13640263, at *3
(D.N.J. Apr. 1, 2015).

### i. Timeliness of Initial Pleading

First, in order for the claims against Smith to be timely
pursuant to the relation back doctrine, the pleading that the
Amended Complaint relates back to must have been timely.
Plaintiff explains that the initial Complaint was filed within
the two-year statute of limitations.  (ECF 36 at 15).  Plaintiff
states, without conceding, that if Plaintiff's claims accrued
when he first contracted COVID in May 2021, then he had until
May 2023 to file.  (Id.).  His initial Complaint was filed on

April 27, 2022, well within the statute of limitations.  (Id.).
Defendant does not dispute this point.

### ii. Conduct, Transaction, or Occurrence

Second, the claims that Plaintiff seeks to relate back must
arise out of the same transaction or occurrence.  Plaintiff
explains that "Plaintiff's claims as pled in his Original
Complaint generally concern the severe mishandling of the COVID-
19 pandemic by the Jail and its medical staff."  (ECF 36 at 15).
In comparison, "Plaintiff's claims asserted in the Amended
Complaint as to Smith, the (former) medical director of CFG,
similarly arise out of the severe mishandling of the COVID-19
pandemic by the Jail and its medical staff."  (Id.).

Plaintiff's initial Complaint alleges "lack of compl[i]ance
with institution" against CFG Health Systems.[2]  (ECF 1 at 4).  He
further alleges that Defendants "[f]ailed to establish a Covid-
19 Policy during this deadly Pandemic and as a result creating
cruel and unsanitary conditions."  (Id. at 5).  He states that
this put his life and health at risk both physically as well as
mentally and emotionally.  (Id.).  More specifically, he
details that "new arrivals" within the Jail were not tested, and
that there was no contact tracing after Corrections Officer

---

[2] As noted above, at the time of the initial Complaint this party
was miswritten as C.F.G. Medical Solutions.

Hiles tested positive for COVID-19.  (Id. at 9).  Plaintiff

asserts that he had direct contact with Officer Hiles.  (Id.)

Similarly, in the Amended Complaint Plaintiff alleges that

in May 2021, Corrections Officer Hiles tested positive for

COVID-19, and Defendants "failed and refused to test inmates

that had contact with officer Hiles."  (ECF 15 at ¶¶ 13-14).  He

alleges that shortly thereafter he contracted COVID-19,

resulting in various physical symptoms.  (Id. at ¶ 16).

Defendant asserts that while he was quarantined for a positive

test, he was denied medical treatment and medication.  (Id. at

¶¶ 27-28).  Plaintiff also alleges that his treatment during

this time lead to depression and anxiety.  (Id. at ¶ 27).

The allegations in the initial Complaint and the Amended

Complaint include similar details and are about the same conduct

and occurrences.

### iii. Notice

Plaintiff explains that Smith received notice sufficient to

satisfy Fed. R. Civ. P. 15(c)(1)(C)(i) in that "Smith and CFG

share a sufficient identity of interest in connection with the

claims so as to treat them as a single legal entity and impute

CFG's notice of the original pleadings to Smith."  (ECF 36 at

16-17).  More specifically, "Smith was employed by CFG, and the

allegations asserted against her in the Amended Complaint all

arise from her conduct during her employment with CFG."  (Id. at

17).  Notice at the time CFG was served with the complaint
satisfies both the federal summons period requirement and the
state statute of limitations period requirement.  Defendant does
not dispute that she received notice of Plaintiff's suit.

In addition, as Plaintiff points out, Smith has been
involved in other, related litigation, and she was employed as
Medical Director under CFG who is named in the initial
Complaint.  These factors demonstrate that Smith will not be
prejudiced by permitting this suit to proceed.

Moreover, the Third Circuit has specifically endorsed the
"shared attorney" method of imputing notice.  "The 'shared
attorney' method of imputing Rule 15(c)(3) notice is based on
the notion that, when an originally named party and the party
who is sought to be added are represented by the same attorney,
the attorney is likely to have communicated to the latter party
that he may very well be joined in the action."  Singletary v.
Pennsylvania Dep't of Corr., 266 F.3d 186, 196 (3d Cir. 2001).
Here, Defendant Smith and CFG are represented by the same
counsel.  Thus, it is appropriate to impute notice.

Plaintiff has demonstrated sufficient notice to satisfy R.
Civ. P. 15(c)(1)(C)(i).

### iv.  Knew or Should Have Known

With respect to Fed. R. Civ. P. 15(c)(1)(C)(ii), Plaintiff
claims that "[g]iven Smith's employer-employee relationship with

CFG, a party who had notice of this action since its inception, Smith's direct involvement in the underlying events, and knowledge of other parallel proceedings brought against her by similarly situated inmates, Smith knew or should have known that when Plaintiff made the allegations in his Original Complaint regarding the medical treatment at the Jail and by CFG, he was referring, in part, to her conduct."  (ECF 36 at 18).

The Third Circuit has held that "[a]n amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake—whether the mistake is based on lack of knowledge or mere misnomer."  Arthur v. Maersk, Inc., 434 F.3d 196, 209 (3d Cir. 2006).  Moreover, in this circuit, "[m]istake of identity occurs in two situations: 1) when the plaintiff misdescribes the defendant (a 'misnomer'), and 2) when the plaintiff lacks knowledge about [who] the proper defendant is."  Clinton v. Jersey City Police Dep't, No. 07-5686, 2017 WL 1024274, at *4 (D.N.J. Mar. 16, 2017) (citations omitted).

Here, as Plaintiff describes, "but for Plaintiff's lack of knowledge and inability to obtain certain information with respect to the specific parties responsible for his injuries, this action would have been brought against her by Plaintiff. Plaintiff was unrepresented when he filed his Original Complaint

14

within the limitations period and he did not have the necessary information to identify all of the appropriate parties, including the names of the medical staff who contributed to his injuries." (ECF 36 at 17). The mistake here is that Plaintiff did not appreciate Kristina Smith's role or position within the medical staff at the prison or as it relates to his treatment. Plaintiff's lack of knowledge of Smith's identity is sufficient to demonstrate a mistake under Fed. R. Civ. P. 15(c)(1)(C)(ii). Thus, as Plaintiff has demonstrated that Defendant knew or should have known that this action would have been brought against her absent mistake by Plaintiff, this prong of the relation back doctrine is met.

### C. Equitable Tolling, Discovery Rule, Substantial Compliance

Because we have determined that the relation-back doctrine applies, we need not address Plaintiffs' alternative arguments for tolling or exception from the statute of limitations.

### D. Motion for Summary Judgment

Smith alleges in the alternative that this Court should grant summary judgment in her favor. (ECF 29-6 at 6-7). Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory

answers, demonstrate that there is no genuine issue as to any
material fact and that given the undisputed facts the moving
party is entitled to a judgment as a matter of law.  Celotex
Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P.
56(a).  Initially, the moving party has the burden of
demonstrating the absence of a genuine issue of material fact.
Celotex, 477 U.S. at 323.  Once the moving party has met this
burden, the burden shifts and the nonmoving party must identify
specific facts showing that there is a genuine issue for trial.
Id.

      In support of this argument Smith explains that she "has
certified that she was the Health Services Administrator for CFG
Health Systems, LLC, at the Cumberland County jail from December
2, 2019 until April 7, 2021.  Kristina Smith has not held an
administrative position at the Cumberland County jail since
April 7, 2021."  (ECF 29-6 at 7 (citation omitted)).  She also
reiterates her position that "[t]he allegations of Plaintiff's
Amended Complaint involve the time period significantly more
than two years prior to the filing date of July 31, 2023."
(Id.).  Smith has not provided any other argument as to why
summary judgment is appropriate here nor pointed to any other
facts in support of her request.

      Moreover, Smith did not file a statement of material facts,
as required by Local Rule 56.1(a).  Local Rule 56.1(a) states

that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." Accordingly, Smith's motion for summary judgment will be denied without prejudice.

**IV.  <u>CONCLUSION</u>**

For the reasons expressed above, Defendant's Motion to Dismiss the complaint will be denied and her Motion for Summary Judgment denied without prejudice.

An appropriate order will be entered.


Date: December 1, 2023                    s/ Noel L. Hillman
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.